IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH RANDALL HOLCOMB | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-302 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Joseph Randall Holcomb, a prisoner currently confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual & Procedural Background

Petitioner challenges his conviction for Indecency with a Child by Sexual Contact out of the 75th Judicial District Court of Liberty County, Texas, in Cause Number CR31311. Petitioner was adjudicated guilty by a jury, and he was sentenced to a mandatory term of life imprisonment as a repeat sexual offender. Petitioner appealed the judgment, which was affirmed by the Ninth Court of Appeals on January 31, 2018. Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals ("TCCA") which was refused on June 13, 2018. Petitioner filed a motion for rehearing, which the TCCA denied on August 22, 2018.

Petitioner filed a state application for writ of habeas corpus on December 1, 2020. The application was denied without written order on January 27, 2021. Petitioner filed this federal

petition for writ of habeas corpus on June 7, 2021, the date he certifies he placed the petition in the prison mailing system.[1]

## The Petition

Petitioner argues the following points of error:

1. Ineffective assistance of trial counsel for failing to object to jury instructions which did not allege the exact date and time of the offense;

2. Ineffective assistance of trial counsel for failing to object to "multiple counts of prosecutorial misconduct;"

3. Ineffective assistance of counsel for failing to request court-appointed counsel;

4. Ineffective assistance for failing to investigate and to hire an expert witness;

5. Ineffective assistance of appellate counsel;

6. The state courts did not process Petitioner's state application for writ of habeas corpus in accordance with the Texas Code of Criminal Procedure Art. 11.07; and

7. Actual innocence.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable

---

[1] Respondent contends that the petition is barred by the statute of limitations. Because there are contested fact issues concerning the timeliness of the petition, the court will address the merits of Petitioner's claims.

application of, clearly established federal law, as determined by the Supreme Court of the United States;[2] or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*. State court decisions must be given the benefit of the doubt. *Renico v. Lett*, 559 U.S. 766, 773 (2010).

The question for federal review is not whether the state court decision was incorrect, but whether it was unreasonable, which is a substantially higher threshold. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). If the decision of the highest state court is not accompanied by an explanation of the court's reasoning, federal courts must look to the last state court decision that does provide an explanation for the decision. *Wilson v. Sellers*, 548 U.S. 122, 125 (2018). There is a rebuttable presumption that the unexplained ruling adopted the same reasoning. *Id*. at 125-26. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

---

[2] In making this determination, federal courts may consider only the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

3

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.").

## I. Ineffective Assistance of Counsel

Petitioner alleges that he was denied the effective assistance of counsel. In order to establish an ineffective assistance of counsel claim, Petitioner must prove counsel's performance was deficient and the deficient performance prejudiced Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984). Because Petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Id*. To overcome the presumption that counsel provided reasonably effective assistance, Petitioner must prove his attorney's performance was objectively unreasonable in light of the facts of Petitioner's case, viewed as of the time of the

attorney's conduct. *Id*. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, Petitioner must also show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner must show a substantial likelihood that the result would have been different if counsel performed competently. *Richter*, 562 U.S. at 112. To determine whether Petitioner was prejudiced, the court must consider the totality of the evidence before the fact-finder. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010).

Analysis of an ineffective assistance claim on federal habeas review of a state court conviction is not the same as adjudicating the claim on direct review of a federal conviction. *Richter*, 562 U.S. at 101. The key question on habeas review is not whether counsel's performance fell below the *Strickland* standard, but whether the state court's application of *Strickland* was unreasonable. *Id*. Even if Petitioner has a strong case for granting relief, that does not mean the state court was unreasonable in denying relief. *Id*. at 102.

### A. Failing to Object to Jury Instructions

Petitioner contends that his trial counsel erred by failing to object to the jury instructions regarding the date of the offense. The indictment alleged "that on or about the 10th day of July A.D. 2014, in the County of Liberty and State of Texas, and anterior to the presentment of this indictment, JOSEPH RANDALL HOLCOMB did then and there, with the intent to arouse or gratify the sexual

desire of said defendant, engage in sexual contact with Shelly Jo, a pseudonym, by touching the genitals of Shelly Jo, a pseudonym, a child younger than 17 years of age. . . . (ECF No. 27-18 at 5.) The jury instructions tracked the language of the indictment by noting that the offense was alleged to have occurred "on or about the 10th day of July, 2014," and that the date of the offense was one of the four elements that the State must prove beyond a reasonable doubt. (ECF No. 27-18 at 50, 52.) The jury was also instructed as follows:

> You will note that the Indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed before October 29, 2014.

(ECF No. 27-18 at 50.)

In this case, the use of "on or about" language in the indictment and the jury instructions was consistent with state law. In Texas, the State is not required to prove the offenses took place on the exact dates alleged in the indictment. *Sledge v. State*, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997) (holding that the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as it was before the presentment of the indictment and within the statute of limitations); *see also Strass v. Johnson*, No. 99-10780, 2000 WL 1056282, at *1 (5th Cir. July 25, 2000) (unpublished) ("The State is not bound by the 'on or about' date alleged in the indictment. . . .") As a result, the prosecution did not commit misconduct by using the "on or about" language in the indictment, the trial court did not err by instructing the jury with respect to the date of the offense, and defense counsel did not perform deficiently by failing to object to the indictment or jury instructions.

   *B. Failing to Object to Prosecutorial Misconduct*

Petitioner alleges defense counsel failed to object when the prosecutor allegedly committed misconduct in several instances. The failure to file motions or objections does not *per se* constitute deficient performance because counsel is not required to file futile motions or make meritless objections. *Roberts v. Thaler*, 681 F.3d 597, 611 (5th Cir. 2012) (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984).

First, Petitioner contends that the prosecutor committed misconduct by prosecuting Petitioner without probable cause by failing to allege the precise date of the offense. As previously discussed, there was nothing improper about alleging the offense took place "on or about" the date listed in the indictment. Thus, it would have been futile for defense counsel to object.

Next, Petitioner contends the State committed misconduct by failing to call Meagan Croker, who conducted the forensic interview of the victim, to testify at trial. Petitioner contends Ms. Croker would have testified that the victim reported during the interview that she was wearing capris pants at the time of the offense, which would have contradicted the victim's testimony at trial that she had been wearing boxer shorts, underwear, and a shirt.[3] The State intended to call Ms. Croker to testify as an outcry witness, but the trial concluded that the victim's mother was the proper outcry witness, not Ms. Croker. (ECF No. 27-21 at 177-78.) Contrary to Petitioner's assertions, the State was not required to call Ms. Croker as an expert witness or as a fact witness. Thus, it would have been futile for defense counsel to object. Further, Petitioner's claim that evidence was withheld from him is demonstrably false. The record conclusively shows that the State provided defense counsel with pre-

---

[3] Petitioner also contends that Ms. Croker would have testified that the offense took place during the late night hours of July 9, 2014, or the early morning hours of July 10, 2014. It's not clear how this would have aided Petitioner's defense since it was consistent with the State's theory of the case and the testimony at trial.

trial discovery, which included Ms. Croker's report and the narrative report of the interview completed by Sergeant S.L. Clappart. (ECF No. 27-15 at 76-145.)

Petitioner contends that counsel failed to object when the State introduced evidence of an extraneous offense in the guilt/innocence stage of trial without notice. Petitioner contends the trial court did not give him sufficient time to determine whether he wanted to contest identity, and the prosecution did not present character evidence showing that Petitioner was not attracted to teenage girls when he was between the ages of 20-36. The record shows that the State filed a Notice of Intent to Use Extraneous Offenses and Prior Convictions on May 21, 2015, more than one year before trial. (ECF No. 27-18 at 30-32.) The notice identified Petitioner's 1998 conviction for sexual assault of a child as one of the prior offenses the State intended to introduce at trial. Thus, Petitioner's claims that he did not have notice or sufficient time to decide whether to contest whether he was the individual who committed that offense are false. Further, counsel did object to the introduction of the prior conviction, but his objections were overruled by the court.[4] (ECF No. 27-21 at 178-81, 240-42; ECF No. 27-22 at 9-11.) Finally, Petitioner has offered no legal support for his novel claim that, having introduced evidence that Petitioner previously committed the offense of sexual assault of a child when he was 19, the State was also required to produce character evidence that Petitioner was not attracted to teenagers when he was between 20-35 years of age. This claim lacks merit, and counsel did not perform deficiently by failing to object to the State's failure to produce such evidence.

---

[4] Petitioner falsely claims that evidence of other alleged sexual assaults was admitted into evidence. Petitioner's prior conviction in 1998 for sexual assault of a child was the only evidence of extraneous conduct introduced at trial.

*C. Failing to Request Court-Appointed Counsel*

Petitioner contends his defense attorney should have moved to withdraw based on Petitioner's indigence and requested the court to appoint counsel to represent him. The record shows that Petitioner submitted an affidavit of indigency at his initial appearance on August 14, 2014, and the trial court appointed counsel to represent Petitioner. (ECF No. 27-18 at 6-7.) On November 20, 2014, Petitioner moved to substitute counsel after new counsel was retained to represent him. (ECF No. 27-18 at 9-11, 29.) Petitioner has not shown that defense counsel performed deficiently by failing to move to withdraw as counsel and request court-appointed counsel prior to trial. Nor has Petitioner shown that he was harmed by counsel's failure to request court-appointed counsel after he had been retained to represent Petitioner.

*D. Failing to Investigate*

An attorney is required to conduct a reasonable amount of pre-trial investigation. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). However, the defense of a criminal case does not "contemplate the employment of wholly unlimited time and resources." *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992). An attorney is not necessarily ineffective for failing to investigate every conceivable, potentially non-frivolous matter. *Id.* Petitioner must allege "with specificity" the information that additional investigation would have revealed and demonstrate that it would have changed the outcome of the trial. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).

Petitioner has not demonstrated that counsel performed deficiently in his investigation of the case, his pre-trial preparation, or his failure to develop and present evidence regarding the date of the offense. There is no indication from the record that additional investigation or preparation would have located evidence or witnesses that could be used to aid Petitioner's defense. "Mere conclusory

allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

### E. Failing to Request Funds to Hire Expert Witness

Petitioner claims that counsel should have requested funds to hire an expert witness who would testify that Petitioner is not attracted to teenage girls. Complaints about the failure to call witnesses are disfavored in habeas petitions because allegations of potential testimony are largely speculative, and the presentation of witnesses is generally a matter of trial strategy. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Lockhart*, 782 F.2d at 1282. The petitioner must identify the witness, explain the content of the witness's proposed testimony, show the testimony would have been favorable to a particular defense, and demonstrate that the witness would have testified at trial. *Day*, 566 F.3d at 538. Generally, relief will not be granted where the only evidence of the potential witness's testimony comes from the petitioner. *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001).

Petitioner's assertion that an expert witness would have testified favorably to the defense is speculative. Petitioner failed to identify any experts who would have testified on his behalf, or to present evidence of the content of their expected testimony. Petitioner's speculative allegations are insufficient to overcome the strong presumption that counsel provided effective assistance of counsel.

### F. Ineffective Assistance of Appellate Counsel

Petitioner contends that appellate counsel provided ineffective assistance by failing to call additional witnesses to testify at the hearing on Petitioner's motion for a new trial. This claim does not warrant federal habeas relief because Petitioner has not demonstrated that the witnesses would

have testified or that the contents of their expected testimony would have aided Petitioner's defense. Petitioner asserts that counsel failed to conduct an adequate investigation, but he has not demonstrated that additional investigation would have assisted his motion for new trial or his appeal. Petitioner also claims that, although appellate counsel appealed the admissibility of Petitioner's prior conviction, her legal argument was insufficient. This claim lacks merit because Petitioner has not demonstrated that a different legal argument as to the admissibility of the conviction would have led to a different result on appeal.

## II. State Court Habeas Proceedings

Petitioner contends there were procedural defects in the state habeas proceedings. Petitioner is not entitled to relief on this ground because "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (quoting *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997)).

## III. Actual Innocence

The United States Supreme Court has not recognized a freestanding claim of actual innocence as a ground for federal habeas relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Merryman v. Davis*, 781 F. App'x 325, 328 (5th Cir. 2019) ("A freestanding claim of actual innocence is not cognizable on federal habeas review."). Although actual innocence does not provide an independent ground for review, it may excuse a procedural bar to federal habeas review of constitutional claims. *McQuiggin*, 569 U.S. at 392. To pass through the actual innocence gateway, the petitioner must show that, in light of new, reliable evidence, no jury would have found him guilty beyond a reasonable doubt. *Id*.

In this case, Petitioner is not trying to excuse a procedural default of a constitutional claim by alleging he is actually innocent. Nor has Petitioner alleged there is newly-discovered evidence that calls his conviction into question. Instead, he is attempting to raise a freestanding claim of actual innocence based on his assertion that the jury wrongly decided the case. Such claims are not cognizable under § 2254.

## Recommendation

This petition for writ of habeas corpus should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 19th day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge